```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

SALLY STEWART,

      Plaintiff,

v.                                 Civil Action No. 2:07-0168

WEST VIRGINIA EMPLOYERS'
MUTUAL INSURANCE COMPANY,
d/b/a BRICKSTREET MUTUAL
INSURANCE COMPANY and
BRICKSTREET ADMINISTRATIVE
SERVICES, GUARDIAN LIFE
INSURANCE COMPANY OF AMERICA, and
COMMERCIAL INSURANCE SERVICE, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the motion to remand Count I, filed on April 12, 2007. Also pending is the motion of Commercial Insurance Service Inc. ("CIS") to dismiss Count I, filed on April 23, 2007.

### I.

On February 15, 2007, this case was filed in the Circuit Court of Kanawha County, West Virginia. According to the complaint, plaintiff Sally Stewart ("Stewart") filed this lawsuit in connection with a denial of long-term disability benefits she was promised by defendants West Virginia Employers'

Mutual Insurance Company d/b/a BrickStreet Mutual Insurance Company ("BrickStreet") and CIS. (Compl., Counts I & II, Wherefore Cl.; Count I, ¶¶ 13-14). CIS was BrickStreet's agent and advocate regarding the benefits program at issue. (Id. Count I, ¶¶ 6, 9).

Plaintiff was an employee of the West Virginia Bureau of Employment Programs, Workers' Compensation Division ("the division") from March 1978 to April 1991 and from August 1996 to December 31, 2005. (Id. ¶ 1). As a state employee during those time periods, Stewart was entitled to long-term disability benefits. (Id.).

It is alleged that in June 2005 BrickStreet informed the division employees that should privatization occur and BrickStreet become successor of the state worker's compensation program, employees of the division could elect to work for BrickStreet and would receive comprehensive benefits as BrickStreet employees including long-term disability benefits "without any penalties for pre-existing conditions." (Id. ¶ 7). Also prior to January 1, 2006, BrickStreet made these same representations regarding the availability of long-term disability benefits to employees of the Workers' Compensation Division contemplating conversion to BrickStreet employment in a

written plan description, entitled the "Benefits Booklet."  (Id. ¶ 8).  Allegedly in reliance on these representations, plaintiff accepted the offer and was employed by BrickStreet beginning on January 1, 2006.  (Id. ¶ 10).

On March 20, 2006, plaintiff became totally disabled. (Id. ¶ 11).  Stewart's claim for long-term disability benefits was denied by defendant Guardian Life Insurance Company of America on the basis of a pre-existing condition.  (Id. Count II, ¶ 12).

Plaintiff alleges claims in two counts: Breach of Contract, together with Negligence and Fraud in the Inducement, against defendants BrickStreet and CIS (Count I) and Denial of Long Term Disability Benefits against all three defendants (Count II).  On March 16, 2007, defendants jointly removed based upon federal jurisdiction conferred by 28 U.S.C. § 1331 and 29 U.S.C. §§ 1132(a)(1)(B), (e)(1).  (Not. of Rem. ¶ 6).  Plaintiff requests remand of Count I, and CIS seeks dismissal of Count I.

II.

Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and

statute, which is not to be expanded by judicial decree. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Title 28 U.S.C. § 1441(a) governs federal removal jurisdiction. The statute provides as follows:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants . . . to the district court of the United States for the district and division embracing the place where such action is pending . . . .

28 U.S.C. § 1441(a). One source of original jurisdiction is 28 U.S.C. § 1331, which provides "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Accordingly, "removal is appropriate if the face of the complaint raises a federal question." Lontz v. Tharp, 413 F.3d 435, 439 (4th Cir. 2005).

Our court of appeals recently discussed the well-pleaded complaint doctrine:

> In determining whether a plaintiff's claim arises under federal law, we apply the well-pleaded complaint rule, which holds that courts "ordinarily . . . look no further than the plaintiff's [properly pleaded] complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331." Custer v. Sweeney, 89 F.3d 1156, 1165 (4th Cir. 1996). Thus, in examining the complaint, our first step is to "discern whether federal or state law creates the cause of action." Mulcahey, 29 F.3d at 151; see also Dixon v.

4

> Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) ("The vast majority of lawsuits 'arise under the law that creates the cause of action.'") (quoting Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916).). If federal law creates a plaintiff's claim, then removal is proper. Mulcahey, 29 F.3d at 151. The general rule, of course, is that a plaintiff is the "master of the claim," and he may "avoid federal jurisdiction by exclusive reliance on state law" in drafting his complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005). The removing party is charged with the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).

The parties have briefed the question of whether Count I is completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. However, for reasons that follow, the court need not consider that issue.

Plaintiff does not dispute that the court has original jurisdiction over Count II.[1]  BrickStreet and CIS argue that the

---

[1] Because the matter is jurisdictional, the court specifically finds that the complete preemptive effect of ERISA does convert the claim for benefits in Count II into a federal claim such that the court has original jurisdiction over Count II.  See Aetna Health, Inc. v. Davila, 542 U.S. 200, 208-209 (2004); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65-66 (1987).

5

court must exercise supplemental jurisdiction over Count I.

Generally, the court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). Such is true here. The factual predicates for Count I and Count II are quite similar. They arise out of the same core of common facts.

Subsection 1367(c) provides,

> The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Without one of these four factors, the court lacks discretion to decline the exercise of supplemental jurisdiction. See, e.g., Treglia v. Town of Manilus, 313 F.3d 713, 723 (2d Cir. 2002) (citing Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 448 (2d Cir. 1998)); McLaurin v. Prater, 30 F.3d 982, 985 (8th Cir. 1994). The breach of

contract, negligence and fraudulent inducement alleged in Count I does not raise a novel or complex issue of state law. Count I does not substantially predominate over Count II. It is undisputed the court has original jurisdiction over Count II, which remains a viable claim. No exceptional circumstances have been offered -- indeed plaintiff has not even advanced an argument based upon the § 1367(c) factors -- for why supplemental jurisdiction should be declined and the case split between state and federal venues.

In view of the absence of any of the four enumerated circumstances in § 1367(c), the exercise of supplemental jurisdiction over Count I is proper pursuant to subsection (a). The motion to remand Count I should thus be denied.

Even assuming one of the § 1367(c) factors were present, a decision to decline the exercise of supplemental jurisdiction would not be automatic. See, e.g., City of Chicago v. International College of Surgeons, 522 U.S. 156, 173 (1997). When one of the four factors is present, the determination of whether to decline the exercise of supplemental jurisdiction is discretionary under subsection (c) and must be guided by "the values of judicial economy, convenience, fairness, and comity." Id. (internal citation omitted). Counts I and II are intertwined

to the extent that remand of Count I would result in two separate tribunals rendering judgments on the same controversy.  A remand, even if possible, would run counter to settled notions of judicial economy, convenience, and comity such that declining to exercise supplemental jurisdiction over Count I would not be prudent.

### III.

To survive a motion to dismiss, plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level."  <u>Bell Atlantic Corp. v. Twombly</u>, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).  In other words, the complaint need only "allege facts sufficient to state elements" of the claim.  <u>Chao v. Rivendell Woods, Inc.</u>, 415 F.3d 342, 349 (4th Cir. 2005); <u>Bass v. E.I. Dupont de Nemours & Co.</u>, 324 F.3d 761, 765 (4th Cir. 2003).  While the complaint need not include detailed factual allegations, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Bell Atlantic</u>, 127 S. Ct. at 1956.

Additionally, the "complaint [is construed] in the light most favorable to the plaintiff and . . . all well-pleaded

allegations" are accepted as true.  <u>South Carolina Dept. of Health And Environmental Control v. Commerce and Industry Ins. Co.</u>, 372 F.3d 245, 255 (4th Cir. 2004) (quoting <u>Franks v. Ross</u>, 313 F.3d 184, 192 (4th Cir. 2002)).  Further, even beyond the facts alleged, the court is required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ." <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 244 (4th Cir. 1999).

As noted by the leading commentators on the Federal Rules of Civil Procedure, "the purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case."  5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356 (3d ed. 2004); <u>see also</u> <u>Smith v. Frye</u>, 488 F.3d 263, 274 (4th Cir. 2007).

Count I alleges negligence and fraud in the inducement and is entitled "Breach of Contract."  (Compl. Count I, ¶¶ 13-14).  Plaintiff's response explains that Count I "is alleging the breach of CIS's duty to procure proper insurance or, in the alternative, inducing Ms. Stewart to leave her employment with the State of West Virginia."  (Resp. to CIS M.T.D. at 5).  An

9

action against an agent or broker for failure to properly procure insurance coverage can generally be brought either as a negligence action or as an action for breach of a contract to procure insurance, and the theory on which the action is brought will ordinarily make little or no practical difference for the purpose of establishing a prima facie case.  See, e.g., GlobalNet Financial.Com, Inc. v. Frank Crystal & Co., Inc., 449 F.3d 377, 387 (2d Cir. 2006) (citing Chase Scientific Research, Inc. v. NIA Group, Inc., 96 N.Y.2d 20, 30-31, 725 N.Y.S.2d 592, 749 N.E.2d 161 (2001) (New York law recognizes recovery under theories of breach of contract and negligence for claim of failure to procure adequate insurance coverage); Lazzara v Howard A. Esser Inc., 802 F.2d 260, 266 (7th Cir 1986) (internal citation omitted); Prince v. Royal Indem. Co., 541 F.2d 646, 650 (7th Cir. 1976) (the liability there was "analogous to the liability of an insurance broker to a customer for negligent failure to perform an agreement to procure insurance"; and that "[w]hether the action against the broker sounds in tort based on negligence . . . or in contract for failure to perform the agreement to procure . . . makes little difference.") (internal citations omitted).

CIS originally contends that "Count I fails as a matter of law with respect to CIS because: (a) Plaintiff had no

employment contract with CIS and does not allege to have had a contract with CIS; and (b) Count I does not allege that CIS made any misrepresentations to Plaintiff." (Memo. in Supp. of M.T.D. at 2). CIS's reply further argues that plaintiff does not allege that CIS made specific misrepresentations upon which she relied. (Reply to Resp. to CIS M.T.D. at 3).

While the complaint initially alleges, solely with respect to defendant BrickStreet, specific misrepresentations made both in June of 2005, (Compl. Count I, ¶ 7), and in the Benefits Booklet, (Id. ¶ 8), paragraphs 13 and 14 plainly state that CIS had a contract with plaintiff and "presented" misinformation to her on which she relied. Paragraphs 13 and 14 provide as follows:

> 13. Defendants BrickStreet and <u>CIS, acting jointly and severally, have breached the employment contract which plaintiff relied</u> upon when accepting employment with BrickStreet, and as a result of said breach, she is being denied her long term disability benefits.
>
> 14. In addition to the breach of the aforesaid contract, Defendants BrickStreet and <u>CIS have been guilty of negligence and fraud in the inducement in presenting information to the plaintiff which she relied</u> upon in leaving her employment with the State of West Virginia and accepting employment with Defendant BrickStreet, and, therefore, lost benefits . . .

(Compl. Count I, ¶¶ 13-14) (emphasis added).

Even CIS acknowledges that "Count I nominally alleges that CIS negligently and/or fraudulently induced Ms. Stewart to leave her former employment with the State of West Virginia . . . ." (Reply to Resp. to CIS M.T.D. at 1). CIS's reply argues, however, that the statement that CIS failed to procure long-term disability coverage was an entirely new claim raised for the first time in the response. (Id. at 2).

CIS's argument rests on an overly restrictive reading of paragraphs 13 and 14. Although it may have been more descriptive to allege a "breach of a contract to procure insurance," the use of breach of an "employment contract" in paragraph 13 is broad enough to encompass a claim for CIS's alleged failure to procure insurance, particularly with the later reference in paragraphs 13 and 14 to the denial of long-term benefits and the other allegations in the complaint relating to BrickStreet's promise to provide long-term disability insurance benefits without regard to pre-existing conditions and CIS's role as agent and administrator of benefits. (Compl. Count I, ¶¶ 6, 8-10, 13-14). In sum, the complaint can be fairly read to state a claim for the failure of CIS to procure long-term disability benefits.

CIS adds that the complaint's allegations of fraud in Count I do not satisfy the requirement of pleading fraud with particularity under Rule 9(b) of the Federal Rules of Civil Procedure.  (Memo. in Supp. of CIS M.T.D. at 4-5; Reply to Resp. to CIS M.T.D. at 4).  To satisfy the requirement of Rule 9(b), plaintiffs must plead "'the time, place and contents of the false representations, as well as the identity of the person making the representations and what he obtained thereby.'"  <u>Harrison v. Westinghouse Savannah River Co.</u>, 176 F.3d 776, 783-784 (4th Cir. 1999) (internal citations omitted).  Plaintiff has not pled these particular allegations against CIS.  The court directs the plaintiff to file a motion to amend Count I with respect to the fraud claim against CIS by adding the above-stated allegations required by Rule 9(b), accompanied by a proposed amended complaint, on or before December 20, 2007, should she wish to pursue the fraud prong of Count I against CIS, in default of which the fraud claim as to CIS will be ordered dismissed.

IV.

Accordingly, it is ORDERED as follows:

1.   The motion to remand Count I be, and it hereby is,

13

denied;

    2.   The motion to dismiss Count I be, and it hereby is, denied in all respects except that it is granted insofar as it asks that particular allegations of fraud as hereinabove set out be pled; and

    3.   Plaintiff be, and she hereby is, directed to file a motion to amend Count I with respect to the fraud claim against CIS by adding the above-stated allegations required by Rule 9(b), accompanied by a proposed amended complaint, on or before December 20, 2007, should she wish to pursue the fraud prong of Count I against CIS, in default of which the fraud claim as to CIS will be ordered dismissed.

    The Clerk is directed to forward copies of this order to all counsel of record.

                               DATED: December 5, 2007

                               _____
                               John T. Copenhaver, Jr.
                               United States District Judge